[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 16, 1988, the plaintiff, David Marlak, d/b/a David Marlak Builders commenced this collection action against defendant Antonio Setaro. At the short calendar of February 13, 1990 (Langenbach, J.), the parties agreed to enter into a binding, non-appealable arbitration, in part because the relations between the parties had become acrimonious.
Attorney Anthony Casagrande was selected as the arbitrator, and on June 7, 1990, both parties signed a written agreement to arbitrate. This agreement provided that the arbitration would be unappealable and of unrestricted scope. Attorney Casagrande held CT Page 326 hearings and received evidence on June 7 and July 11, 1990. On October 9, 1990, the parties were provided with a copy of the arbitrator's decision in favor of the plaintiff.
The defendant then filed on or after November 13, 1990 a motion to vacate the arbitrator's decision.
Defendant's motion to vacate is denied because it was not timely filed. Section 52-420 (b) of the General Statutes provides that "No motion to vacate . . . an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." The decision of the arbitrator is dated October 9, 1990 and at argument counsel indicated that it was received on that day. The defendant's motion to vacate was filed on or after November 13, 1990 after the expiration of thirty days.
Furthermore, the untimeliness of an arbitrator's decision is not within the scope of judicial review.
"Arbitration is the favored means of settling differences. . ." Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 338
(1989). "Accordingly, when arbitration is consensual, the scope of judicial review is generally limited to a consideration of the reasons provided in General Statutes Section 52-418 (a)." Diamond Fertilizer Chemical Corp v. Commodities Trading Intl. Corp.,211 Conn. 541, 546-47 (1989) (citations omitted).
Connecticut General Statutes Section 52-418 (as) provides that:
 . . . ."[T]he superior court. . .shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any of her action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. "
CT Page 327
The allegations in the case at bar don't bring it within the purview of Connecticut General Statutes Section 9-52-418)a).
The Connecticut Supreme Court has reasoned that judicial review is limited to the statutory standards contained in Section 52-418, where the submission is unlimited whether the objection is procedural or substantive. Diamond Fertilizer Chemical Corp.,211 Conn. 541, 549 (1990).
Moreover, the defendant has waived his right to object under Connecticut General Statutes Section 52-416 (a).
Connecticut General Statutes Section 52-416 (a) provides that an arbitration award is to be rendered thirty days from the date the hearings are completed, and an award made after that time shall have no legal effect unless the parties expressly extend the time. . .in writing. Connecticut General Statutes Section 52-416 (a).
However, the Supreme Court has ruled that "failure to raise the issue of timeliness prior to the issuance of an arbitration award. . .operated as a waiver of the right to assert the award's lack of timeliness." AFSCME v. New Britain, 206 Conn. 465, 469
(1988). "We have made it clear that we will not permit parties to anticipate a favorable decision reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well thrown to them." Diamond Fertilizer Chemical Corp, 211 Conn. 541, 553 (1989) (citations omitted).
If the defendant wanted to object to the arbitrator's award for untimeliness, he could have objected when 30 days had passed on August 11, 1990, but waited until on or after November 13, 1990, over three months later and after an unfavorable decision had been rendered.
The motion to vacate is denied and the motion to confirm the arbitration is granted.
Judgment may enter accordingly, plus costs.
So ordered.
LANGENBACH, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 332